[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision on Post-trial Motions of Defendants Beharry and Cavanaugh for Revisions of the Judgment
Both defendants have moved for the court to revise the judgment rendered in this case on May 3, 2000 in several respects, only one of CT Page 8703 which the court considers meritorious, their claims for prejudgment interest.
General Statutes § 37-3a in pertinent part: "[i]nterest at the rate often per cent a year, and no more, may be recovered and allowed in civil actions. . . . as damages for the detention of money after it becomes payable." From the evidence, the court concludes that substantially all of the accounts receivable, $350,452.45 according to the court's accounting (M/D p. 11), had been collected by January 1, 1993, and that the item, WIP Red. to Cash, $135,980.13 in the court's accounting, had also been collected. The court is not aware of any good reason for the failure of Cohen to pay to Beharry and Cavanaugh the amounts due them by three years after termination of the 12/31/89 partnership.
Accordingly, the court orders that interest at ten per cent a year on the judgment of $69,288.97 for Beharry and on the judgment of $103,897.97 for Cavanaugh from January 1, 1993 be added to those judgments.
All of the other revisions of the judgment sought by Beharry and Cavanaugh are denied.
Shea, J.